**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LIDDALE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 5897 |
| | ) | |
| v. | ) | |
| | ) | Hon. Michael T. Mason |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Plaintiff Liddale Jones ("plaintiff" or "Jones") filed this action seeking judicial review of the final decision of the Commissioner of Social Security (the "Commissioner") denying his applications for disability insurance benefits and supplemental security income under the Social Security Act (the "Act"), 42 U.S.C. §§ 416(I) and 423(d), 1382. On July 22, 2009, this Court entered an order granting Jones' motion for summary judgment in part and remanding this case for further consideration. Jones now seeks an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), on the grounds that the Commissioner's position during the administrative review and litigation phases of this case lacked substantial justification. For the reasons set forth below, that request is granted.

**I.      BACKGROUND**

Jones filed applications for disability insurance benefits and supplemental security income alleging a disability onset date of August 15, 2003. Those applications

state that Jones is obese and suffers from uncontrolled diabetes mellitus, arthritis primarily in his knees, hypertension, and blindness in his right eye. Plaintiff also alleged that his condition causes him pain and occasional blurred vision in his left eye. After his applications were denied administratively, Jones requested a hearing. An Administrative Law Judge ("ALJ") held a hearing on February 1, 2006, and a supplemental hearing on November 22, 2006. Following that hearing, the ALJ issued a decision denying Jones' request for benefits. The ALJ applied the five-step analysis required under the relevant regulations. *See* 20 C.F.R. §416.920(a)-(g). First, the ALJ found that Jones had not engaged in substantial gainful activity since his alleged onset date. The ALJ then found that Jones suffered from severe impairments of "obesity, diabetes mellitus, right eye blindness, status-post gunshot wound, status-post fracture of the left fifth metatarsal, [and] mild arthritis of the knees." However, he also determined that plaintiff's impairments did not meet or medically equal any listing that would automatically render Jones disabled. The ALJ did not credit Jones' complaints of dizziness and fatigue. He further found that plaintiff had the Residual Functional Capacity ("RFC") to perform unskilled activities. Based on this RFC, the ALJ determined that Jones could not perform his past relevant work but could perform a significant number of jobs in the national economy, including that of a mail clerk, automatic machine operator, and laundry worker/folder. Thus, the ALJ concluded that plaintiff was not disabled under the Act.

After the Appeals Council affirmed the ALJ's decision, Jones sought review in the District Court. In his summary judgment motion, Jones argued that the ALJ did not weigh the opinions of his treating physicians in accordance with 20 C.F.R. §404.1527,

2

satisfy the requirements for a valid credibility determination imposed by Social Security Ruling ("S.S.R.") 96-7p, and/or consider his allegations of fatigue, frequent urination, excessive thirst and dizzy spells in connection with the RFC assessment as required by S.S.R. 96-8p.  This Court credited some of those arguments and found that the ALJ did not consider Jones's request for benefits in the manner required under the relevant regulations and governing case law.  Therefore, we remanded this matter back to the ALJ for further proceedings with specific instructions that the ALJ: (1) articulate the weight accorded to the opinions of Jones' treating physicians, (2) clearly explain his credibility determination and related rejection of any contrary medical evidence, and (3) articulate at some minimal level his analysis of the evidence supporting his RFC analysis. Jones' EAJA fee request followed.

## II.     DISCUSSION

The EAJA authorizes an award of fees and other expenses where: (1) the plaintiff is a "prevailing party"; (2) the government's position was not substantially justified; (3) there are no "special circumstances [that] make an award unjust"; and (4) the fee application is submitted within 30 days of final judgment and is supported by an itemized statement.  28 U.S.C. §2412(d)(1); *see also Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004).  Here, plaintiff is the prevailing party by virtue of this Court's order of remand.  *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).  There are no "special circumstances" alleged, and plaintiff timely filed his fee application and attached as an exhibit itemized billing records.  Accordingly, we need only consider the issue of substantial justification.  The Commissioner bears the burden of proving that both his pre-litigation conduct, including the ALJ's decision itself, and litigation position

were substantially justified.  *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006); *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994).

This Court's decision to remand this case for further proceedings does not preclude us from finding that the Commissioner met its burden to show substantial justification.  As the Seventh Circuit has explained, the Commissioner's position may be substantially justified even though it is not correct so long as "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."  *Marcus*, 17 F.3d at 1036 (*quoting Pierce v. Underwood*, 487 U.S. 552, 566 n.2, 108 S.Ct. 2541, 2550 n.2 (1988)).  In order to establish substantial justification, the government must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the theory propounded.  *Conrad*, 434 F.3d at 990 (citations omitted).

The government argues that a fee award is not appropriate because the record supported the ALJ's factual findings and there was a genuine dispute as to plaintiff's request for a finding of disability under the Act.  *See Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006) (affirming denial of attorneys' fees based on a "reasonable connection between the facts and the [Commissioner's] legal theory.").   Specifically, the government states that the testimony of the medical examiner (the "ME") supported the ALJ's RFC assessment, and that the ALJ reasonably relied on that testimony.  The government also argues that we did not accept plaintiff's arguments concerning the ALJ's consideration of his obesity or alleged failure to contact his treating physician. Finally, it contends that "the Court remanded this case, in large part, because it did not feel the ALJ adequately articulated his decision," and that fees are not appropriate in

4

such instances. *See id.* at 865 (denying fee petition even though ALJ "was not as thorough in his analysis as he could have been"); *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (noting "[t]hat the ALJ failed to meet this articulation requirement in no way necessitates a finding that the Secretary's position was not substantially justified.").

We do not credit the government's contention that a fee award is inappropriate because we did not accept all of plaintiff's arguments. *See Robinson v. Astrue*, 2009 U.S. Dist. LEXIS 38097, *6 (N.D. Ill. May 4, 2009) (holding that "[t]he mere fact that only some of [plaintiff's] arguments proved persuasive is not evidence that the Commissioner's position was substantially justified."). Other courts have rejected the notion that a plaintiff must prevail on each of his arguments in order to receive fees under the EAJA. *See, e.g. Bailey v. Barnhart*, 473 F. Supp. 2d 842, 846 (N.D. Ill. 2006) (agreeing with other courts that have "rejected the notion that a plaintiff must prevail on all, or even a majority of her arguments in order to be awarded fees under the EAJA.") (*citations omitted*). This Court will not engage in "argument counting." *Brown v. Barnhart,* 2002 U.S. Dist. LEXIS 11235, *12 (N.D. Ill. June 21, 2002). Rather, we must "make a global assessment of the Commissioner's conduct and make a single determination for the entire action." *Bailey,* 473 F. Supp. 2d at 845 (*citation omitted*).

Next, we consider the government's claim that the ALJ reasonably relied on the ME's testimony in concluding that Jones was not disabled. In the response brief, the government states that "[t]he ALJ was confronted with conflicting medical opinions and reasonably utilized [the ME's] expertise to assist in resolving those conflicts. The ALJ['s] reliance on that testimony was entirely reasonable." However, as discussed in our July 22, 2009 Opinion, the ALJ did not state the weight given to the opinions of

5

Jones' treating physicians or explain his decision to accept the ME's opinions over those of the treating physicians as required under the governing regulations and case law. *See, e.g.* 20 C.F.R. §404.1527(d)(2), (f)(2)(ii); *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000). Because the ALJ did not sufficiently explain the basis for his reliance on the ME's testimony, we cannot agree with the government's characterization of his decision as "entirely reasonable."

Finally, the government argues that this Court found only that "remand was appropriate for further articulation." To the contrary, we also identified a number of errors in the ALJ's analysis which, when remedied, could potentially lead to an award of benefits. In addition to the insufficiencies discussed above, this Court found that the ALJ ignored certain medical findings, including those related to Jones' blindness, prosthetic right eye, diagnosis of decreased vision and far acuity, history of a gun shot wound to the back, fractured fifth metatarsal shaft of his left foot, and reported limitations to his daily activities. We also found that the ALJ failed to follow the requirements of S.S.R. 96-7p in assessing plaintiff's credibility. Accordingly, as Jones persuasively argues in his reply, the ALJ "did not merely commit an error in articulation but, rather, an error in analysis, which did not allow the Court to follow the ALJ's reasoning." *Kallio v. Astrue*, 2009 U.S. Dist. LEXIS 64128, *6 (N.D. Ind. July 23, 2009). Where, as here, an ALJ "contravened longstanding agency regulations, as well as judicial precedent," there is a sufficient basis to conclude that the Commissioner's position was not substantially justified. *Id.; see also Stewart v. Astrue*, 561 F.3d 679, 683-84 (7th Cir. 2009) (reversing the denial of an EAJA fee request where the magistrate judge found, on summary judgment, that the ALJ did not build an accurate

6

and logical bridge between the evidence and his conclusions.).

Having found that the government's position was not substantially justified, we must consider if plaintiff's request for $12,155 in fees is reasonable. Plaintiff seeks compensation for 68 hours of attorney time at an hourly rate of $176.25 per hour and 2 hours of legal assistant time at the hourly rate of $85 per hour. The government does not contest these rates, and we find that they are reasonable and allowed by statute. 28 U.S.C. §2412(d)(2)(A)(ii). Jones states that the hours expended by counsel are reasonable, and notes the total fee award falls within the range of fee awards in comparable cases. *See, e.g. Porter v. Barnhart*, 2006 U.S. Dist. LEXIS 44882 (N.D. Ill. June 19, 2006); *Barrientos v. Barnhart,* 2003 U.S. Dist. LEXIS 25316 (N.D. Ill. May 6, 2003). After reviewing the billing records attached to plaintiff's motion, we also find that the time plaintiff's counsel spent pursuing this case was reasonable. Accordingly, we award plaintiff $12,155 in EAJA fees.

### III. CONCLUSION

For the reason stated above, Jones' application for fees under the EAJA is granted in the amount of $12,155. It is so ordered.

**ENTERED:**

_____
**MICHAEL T. MASON
United States Magistrate Judge**

**Dated: November 20, 2009**

7